IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Shelley Ann Cannon, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:20-cv-01695-TLW |
| | ) | |
| v. | ) | |
| | ) | |
| Andrew M. Saul, | ) | **Order** |
| Acting Commissioner of Social Security | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Shelley Ann Cannon brought this action pursuant to 42 U.S.C. 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Social Security disability insurance benefits. This matter is before the Court for review of the Report and Recommendation (Report) filed by United States Magistrate Judge Thomas E. Rogers. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. ECF No. 26. Plaintiff filed objections to the Report. ECF No. 27. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report, the objections thereto, and all other submitted filings. In this case, Plaintiff asserts that numerous conditions prevent her from working. These conditions are set forth in the ALJ's Findings of Fact and Conclusions of Law and the Magistrate Judge's Report. ECF No. 9-1, ECF No. 26 at 2. The ALJ ultimately issued an unfavorable decision in February 2019 finding that Plaintiff was not disabled within the meaning of the Act. The Magistrate Judge determined that the ALJ's findings and decisions were supported by substantial evidence, and therefore, the Magistrate Judge recommends that the Commissioner's decision be affirmed. *Id.* at 40-41.

On June 1, 2021, Plaintiff filed objections to the Report objecting to the Magistrate Judge's findings that (1) the ALJ properly rejected the opinion of Dr. Beale; (2) the ALJ properly evaluated whether a Listing was satisfied; and (3) the

ALJ committed no error in the evaluation of Plaintiff's subjective complaints. ECF No. 27. For the reasons set forth below, Plaintiff's objections are overruled.

After careful review of the Report and the objections, the Court accepts the Report which provides a detailed analysis of why the Commissioner's decision should be affirmed. As to the first objection, the Report sets forth how a treating physician's opinion should be weighed citing caselaw and applicable regulations. The Report issued by the Magistrate Judge finds that the ALJ carefully considered the record and had a proper basis to conclude that "little weight" be given to Dr. Beale's opinion. *Id.* at 27-31. As outlined in the Report, a review of the record shows the ALJ carefully considered and analyzed Dr. Beale's opinion, his treatment notes, and all other medical evidence of record. The Magistrate Judge sets forth a summary of the ALJ's analysis on pages 29-31 of the Report. The Court finds the Report's analysis detailed, accurate, and sufficiently persuasive. Ultimately, the ALJ determined that Dr. Beale's opinion should be given "little weight" because it was "inconsistent with the medical evidence of record" and his "treatment notes do not indicate any significant symptoms that would render the claimant unable to perform *basic* work activities." *Id.* at 30 (emphasis added). The ALJ also outlined and summarized the conclusions of other doctors, specifically Dr. Simmers and Dr. Worsham, finding "no severe physical impairments." ECF No. 9-1 at 22. Additionally, the ALJ noted the conclusions of Jennifer Steadham, Ph.D. and Blythe Farish-Ferrer, Ph.D. who both "opined that the claimant is capable of working regularly." *Id.* at 28. The Report cites to pages

3

22-24 of the Transcript in stating that, "[i]n reviewing the ALJ's opinion as a whole as required, the ALJ, before assigning weight to Dr. Beale's opinion, thoroughly summarized both Plaintiff's abnormal and normal reports contained in treatment notes from 2016 to 2018, citing specific exhibit page[] numbers as support (Tr. 22-24)…The ALJ complied with the applicable regulations in making clear to a subsequent reviewer the reasons for the findings made." ECF No. 26 at 30-31. The Court accepts the Report's analysis and therefore overrules Plaintiff's first objection.

As to the second objection, the Report sets forth the requirements for evaluating Listing 12.04C criteria and outlines the evidence and facts that the ALJ cited in concluding that Plaintiff did not meet the criteria. *Id*. at 33-35. The Report cites to a portion of the transcript where the ALJ lists his reasons for concluding that the "paragraph C" criteria for sections 12.04 and 12.06 were not satisfied, *Id*. at 34, and notes that the "ALJ cites to several changes in Plaintiff's environment and to demands not part of her daily life where Plaintiff was without exacerbation or deterioration and actually reported enjoying herself." *Id*. The Court accepts the Report's finding that the ALJ properly evaluated whether a Listing was satisfied, and that substantial evidence supports the ALJ's finding that Plaintiff did not meet the criteria. Thus, the Court overrules Plaintiff's second objection.

As to the ALJ's subjective symptom evaluation, the Report cites caselaw and regulations that detail the requirements of the ALJ's evaluation. *Id*. at 35-

36. The Report then cites a portion of the transcript that demonstrates the ALJ's thorough consideration of Plaintiff's testimony. *Id*. at 37. The Report also provides a detailed outline of the evidence that the ALJ considered in concluding that Plaintiff's allegations of disabling symptoms were not entirely consistent with the record: therapy notes, notes from Dr. Beale, medication changes, reports of improvement, Plaintiff's TMS consult and notes, and Plaintiff's disinterest in continuing therapy. *Id*. at 38-39. The Court concludes that the Report correctly found that the ALJ conducted a proper evaluation of Plaintiff's subjective symptoms and cited substantial evidence to support the findings.

After careful consideration of the record and the Report, the Court concludes that there was substantial evidence to support the ALJ's decision to deny benefits. As noted in the Report, the ALJ performed a significant review of the record and outlined all the of the medical evidence of record. The role of this Court is to decide (1) whether the ALJ has supported his decision with substantial evidence, and (2) whether the conclusions reached by the Commissioner are legally correct. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990). The Court accepts the detailed analysis set forth in the Report of the Magistrate Judge.

For these reasons and the reasons stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 26, is **ACCEPTED**, and Plaintiff's

5

objections, ECF No. 27, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.[1]

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 26, 2021
Columbia, South Carolina

---

[1] The Court notes two recent Fourth Circuit opinions (i) *Dowling v. Comm'r of Soc. Sec. Admin.*, No. 19-2124, 2021 WL 203371 (4th Cir. Jan. 21, 2021), and (ii) *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83 (4th Cir. 2020), both considered in connection with this Order.